Ruffin, C. J.
Perhaps no case could present in a stronger light, than the present case does, the propriety of the rule laid down in Irby v. Wilson, 1 Dev. & Bat. Eq. 568, that an ex parle judgment against a person, not a citizen or inhabitant of the Country, has no extra territorial obligation, and ought not to be respected by the Courts of other Countries, further than it may be made to appear to be right. But resort need not be had to that legal principle, in opposition to the claim set up in the present bill; since, however regular the proceedings were and however conclusive the judgment might be in a Court of law, the plaintiff, in this judgment in Alabama, or the garnishee, most clearly cannot claim benefit from it in a Court of equity, when it so plainly appears to be against conscience, for a demand wholly unfounded, and obtained by surprise, that is, without defence or opportunity of defence, as far as is seen. In this point of view, the circumstance, that the judgment was rendered in a sister State, becomes immaterial; for, if it had been a judgment of a Court in this State, obtained under such circumstances against an inhabitant of Alabama, our *573 Court of equity, upon its own principles, would undoubtedly restrain the. plaintiff from making any use of it, and much more, refuse to aid him in any manner to enforce it. Bissell v. Bozman, 2 Ire. Eq. 154. Cranstown v. Johnston, 3 Ves. 170, 5 Ves. 277. The judgment in this State in favor of Jones against Battle is not impeached at all. It is said, indeed, in the bill, that the plaintiff had no notice of the pendency of the suit, and also that a part of the debt recovered is in trust for the plaintiff's debtor, Battle. And both of those statements are positively denied ; and the former proved to be false, and the latter not supported by any evidence. It therefore clearly appears, that the whole debt recovered by Jones was truly due to him ; unless, indeed, there is to be an abatement in respect of the sum condemned in the plaintiff’s hands as garnishee, which, he said, he paid to Franck, the plaintiff, in the attachment in Alabama. Now it appears upon the clearest evidence, not in any degree discredited, that the plaintiff has not paid Franck one cent on that account, and that from the beginning it was distinctly understood, that no such payment was to be made ; and that the whole proceeding was a contrivance between those two persons to defeat Jones of his debt, by precluding him from a remedy therefor by attachment of Battle’s estate in North Carolina. The plaintiff therefore cannot claim upon the idea, that he has the merit of having paid a debt for Jones by compulsion of law ; since he has made no such payment. The cause then is brought down to the merits of the demand of Franck against Jones, for which judgment was rendered. Now, as to that, the proof is plain, that there are none whatever ; for the person primarily liable, George Jones, left assets to discharge the debt, and accessible to Franck, and, moreover, it had actually been satisfied by the administrator of George Jones, and Franck was still indebted to the estate about $1500. There could not, therefore, be *574 a more unconscientious attempt to set up an unjust demand ; and the bill must be dismissed, with costs to the defendants Jones and Averitt.
Per Curiam.
Decree accordingly.